```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
                                    )
                                    )
PATRICK A. MCGROGAN,                )
                                    )
                Plaintiff,          )
                                    )
                v.                  )    Civil No. 2009-167
                                    )
COMMISSIONER OF INTERNAL REVENUE    )
                Respondent,         )
                                    )
VIRGIN ISLANDS BUREAU OF INTERNAL   )
REVENUE                             )
                                    )
                Defendant.          )
_____ )
```

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
St. Thomas, U.S.V.I.
    *for the plaintiff.*

**Christopher Belen**
Washington, D.C.
    *for the Commissioner of Internal Revenue.*

**Aquannette Y. Chinnery**
St. Thomas, U.S.V.I.
    *for the Virgin Islands Bureau of Internal Revenue.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

    At a March 28, 2011, hearing, the Court orally granted the motions by the United States and the Virgin Islands Bureau of Internal Revenue ("VIBIR"), to dismiss this matter. At that time, the Court indicated that a Memorandum Opinion would follow. This Memorandum Opinion outlines the reasons for the Court's

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 2

rulings.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Patrick McGrogan ("McGrogan") is a United States citizen. On October 29, 2009, the Office of the Internal Revenue Service ("IRS") at Richmond, Virginia mailed McGrogan a letter captioned "Notice of Deficiency." It informed McGrogan he owed taxes in the amount of $298,960 for the 2002 tax year, $176,380 for the 2003 tax year, and $396,578 for the 2004 tax year. (Ex. A, Am. Compl.)

The letter provided that the IRS had determined that McGrogan was not a bona fide resident of the Virgin Islands for the 2002, 2003, and 2004 tax years.  The IRS further alleged that "during each of those years, [McGrogan] participated in a tax avoidance scheme . . . which involved improperly claiming to be a resident of the USVI and superficially recasting income from sources within the United State as income from sources within the USVI."

On February 18, 2010, McGrogan filed amended income tax returns with the VIBIR for tax years 2002, 2003, and 2004 using a 1040X form.  Attached to his amended tax returns, McGrogan provided a statement explaining his reason for amending.  He noted that when he filed the original returns for those years, he filed as a bona fide resident of the United States Virgin Islands.  McGrogan stated that after receiving the IRS' notice of

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 3

deficiency indicating that he did not qualify as a bona fide resident of the United States Virgin Islands for those tax years, he was seeking a refund of the taxes paid to the VIBIR for those years so as to avoid double taxation.

That same day, the VIBIR sent McGrogan a letter stating that his claim for credit or refund was barred by the statute of limitations.

In Count One of his complaint, McGrogan disputes the IRS's assessment of his deficiency and petitions the Court for redetermination of his income tax liability.  In Count Two, he asserts a claim for refund against the VIBIR of income taxes paid for tax years 2002, 2003, and 2004.

The IRS moved to dismiss Count One pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction to hear this matter. It asserts that sovereign immunity bars the Court from hearing this action.

The VIBIR moved to dismiss Count Two pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II. <u>DISCUSSION</u>

### A. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 4

to the court's subject-matter jurisdiction.  *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).  A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977).  In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

## B. Failure to State a Claim

In order to survive a motion to dismiss, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 569 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984))(emphasis in original).

"While a complaint attacked by a Rule 12(b)(6) motion to

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 5

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555(internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 544).

### III. ANALYSIS

**A. The IRS's Motion**

The United States has asserted a facial challenge to this Court's jurisdiction, arguing that this suit is barred by sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Its consents to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010)(quoting *United*

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 6

*States v. Mitchell*, 445 U.S. 535, 538 (1980)).

Courts have held that taxpayers seeking to bring suit against the United States bear the burden of showing such a waiver. *See, e.g.*, *Williams v. United States*, 243 Fed. Appx. 236, 237 (9th Cir. 2007)("Taxpayers have the burden of showing that the United States has unequivocally waived its sovereign immunity."); *Fostvedt v. United States*, 978 F.2d 1201, 1202-1203 (10th Cir. 1992) ("The burden is on the taxpayer to find and prove an 'explicit waiver of sovereign immunity.'").

The United States argues that though it has effectuated such a waiver for petitions of redetermination brought in the Tax Court in 26 U.S.C. § 6213 ("Section 6213"), "[t]here is no similar waiver for such suits filed with this Court." (Def.'s Reply to Petitioner's Opp. to Mot. to Dismiss 2.) Section 6213 provides in pertinent part:

> Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.

26 U.S.C. § 6213.

Courts have recognized that pursuant to section 6213, the United States has waived its sovereign immunity for petitions for redetermination brought in conformity with the requirements of

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 7

that statute. *See, e.g., Williams,* 243 Fed. Appx. at 236 (9th

Cir. 2007)(observing that challenging a proposed tax deficiency

in Tax Court is one of the two "alternatives under which the

United States waives its sovereign immunity and consents to be

sued in regard to federal income taxes"); *Mason v. Hutton*, 141

F.3d 1185, 1185 (10th Cir. 1998)(unpublished)(listing section

6213 as a statute in which the United States has waived its

sovereign immunity); *Gasparutti v. United States*, 1996 WL 233782,

at * 1 (C.D. Cal. Mar. 7, 1996)(noting that section 6213(a)

provides a waiver of sovereign immunity "if a petition is filed

within 90 days after the issuance of the Notice of Deficiency

provided for by 26 U.S.C. section 6212").

When the United States offers such consent to be sued, "the

terms of its consent to be sued in any court define that court's

jurisdiction." *Sherwood*, 312 U.S. at 586.   Section 6213

specifically directs a taxpayer to file a petition for

redetermination with the Tax Court. 26 U.S.C. § 6213.  That the

Tax Court serves as the appropriate forum for petitions for

redetermination, and not a federal district court, is well-

recognized. *See, e.g., Glass v. Internal Revenue Service*, 21 Fed.

Appx. 870, 872 (10th Cir. 2001)(" The Tax Court has exclusive

jurisdiction over petitions for the redetermination of tax

deficiencies, the means of challenging the merits of a tax

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 8

deficiency determination."); *see also Palmer v. Comm'r of*

*Internal Rev.*, 62 Fed. Appx. 682, 684 (7th Cir. 2003)("[T]o  sue

in a federal district court the taxpayer must first pay the full

amount of the tax liability. If the  taxpayer chooses not to pay,

he *must* sue in Tax Court after receiving a notice of

deficiency.")(emphasis supplied).

    Notwithstanding this authority, McGrogan contends that

jurisdiction is proper in this Court because tax obligations in

the Virgin Islands are governed by the "Mirror Code."  He notes

that issues regarding his status as a bona fide resident of the

Virgin Islands implicate the Code.  As a consequence, he asserts

that he may file a petition for redetermination of his deficiency

in the payment of taxes to the IRS, in this Court.  That

contention is legally problematic.

    A brief recitation of the history of the mirror tax system

provides a context within which the Court may assess McGrogan's

argument.

    In the Naval Service Appropriation Act of 1922[1], Congress set

---

        [1]The Naval Service Appropriation Act provides in pertinent part:
The income tax laws in force in the United States of America and
those which may hereafter be enacted shall be held to be likewise
in force in the Virgin Islands of the United States, except that
the proceeds of such taxes shall be paid into the treasuries of
said islands . . . .

48 U.S.C. § 1397.

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 9

up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" except as to those provisions in conflict with a separate tax structure. *HMW Indus., Inc., v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974). The Virgin Islands Code mirrors the federal tax code in that "'Virgin Islands' is in effect substituted for 'United States' (and vice versa) in the Internal Revenue Code so that, to satisfy Virgin Islands tax obligations, an individual or corporation in the Virgin Islands pays taxes to the BIR equivalent to the taxes an individual or corporation under the same circumstances in the United States would pay the Internal Revenue Service." *Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir. 1987).

Subsequent to the enactment of the Naval Appropriation Act, Congress enacted the Revised Organic Act.  Section 1612 of that act addressed this Court's jurisdiction over proceedings in the Virgin Islands regarding income tax laws.  It provides in pertinent part:

> The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil *proceedings in the Virgin Islands* with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands.

48 U.S.C. 1612(a)(emphasis supplied).

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 10

Here, McGrogan asserts that "the United States' sovereign immunity from suit before the Tax Court has been modified by the enactment of 48 U.S.C. § 1612." (Pl.'s Resp. in Opp. To Commissioner's (United States) Third Mot. to Dismiss 22.)

McGrogan argues that the grant of "exclusive jurisdiction" gives the statute special significance, which has a cascading effect. He asserts that in vesting this Court with such "exclusive jurisdiction," section 1612 preempts section 6213. That argument is flawed in several respects.

First, McGrogan's argument seems to be founded on a faulty reading of section 1612(a). As the Court has previously articulated, "section 1612(a) carves out jurisdiction over proceedings in the Virgin Islands involving Virgin Islands income tax laws, as between this Court and the territorial courts" and "that jurisdictional grant does not place this Court as the only court under the flag with jurisdiction" over matters that implicate Virgin Islands income tax laws. *Birdman v. Office of the Governor*, 2010 WL 3810871, at * 7 (D.V.I. Sept. 27, 2010).

Second, it cannot be the case that section 1612 preempted section 6213. The Court can reach that conclusion without hesitation, because, as the Seventh Circuit noted in *Randolph v. IMBS, Inc.* "[o]ne federal statute does not preempt another. When two federal statutes address the same subject in different ways,

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 11

the right question is whether one implicitly repeals the other-
and repeal by implication is a rare bird indeed." *Randolph v.
IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) (citations
omitted). "An implied repeal will only be found where provisions
in two statutes are in irreconcilable conflict, or where the
latter act covers the whole subject area of the earlier one and
is clearly intended as a substitute." *Branch v. Smith*, 538 U.S.
254, 273 (2003)(internal citations and quotation marks omitted).
Nothing in section 1612's jurisdictional statement clashes with
section 6213, nor assumes authority over the entire subject area
of petitions for redetermination. Simply put, McGrogan's implied
preemption argument does not have legs, or more fitting with the
imagery of the *Randolph* court, wings.

The Court has previously explained its jurisdiction over
petitions for redetermination. In *WIT Equip. Co.*, *Inc.*, *v.
Director*, *V.I. Bureau of Internal Revenue*, 185 F. Supp. 2d 500,
503 (D.V.I. 2001), the Court noted that the Tax Court possesses
jurisdiction over petitions for redetermination against the
I.R.S., but that such petitions against the VIBIR, must be
brought in this Court:

> Under the federal code, the U.S. Tax Court has
> jurisdiction over redetermination actions. I.R.C. §
> 6213. Petitions for redetermination of Virgin Islands
> tax deficiencies, however, must be brought in the
> District Court of the Virgin Islands. 33 V.I.C. §

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 12

> 943(a); *see also Dudley v. Comm'r*, 258 F.2d 182(3d
> Cir.1958)(holding that the Tax Court does not have
> jurisdiction to review a deficiency claimed by the
> Government of the Virgin Islands).

*WIT Equip. Co.,Inc.*, 185 F. Supp. 2d at 503.  The tax deficiency

about which *WIT* speaks is one owed to the VIBIR, not as here, one

owed to the IRS.  The I.R.S. has waived its sovereign immunity

for petitions for redetermination brought in Tax Court pursuant

to Section 6213.  Though the Virgin Islands Code has recognized a

similar waiver of sovereign immunity with respect to the

Government of the Virgin Islands in 33 V.I.C. § 943(a)[2], there has

been no waiver granting this Court jurisdiction over petitions

for redetermination against the federal government.

Notwithstanding the absence of a waiver of the United

States' sovereign immunity, McGrogan suggests that there is an

alternative ground which authorizes this Court to exercise

jurisdiction over his petition for redetermination. "Virgin

Islands residents may litigate the amount of their income tax

---

[2] 33 V.I.C. § 943(a) uses analogous language to that found in Section
6213 in describing this Court's jurisdiction over petitions for
redetermination against the VIBIR. It provides:

> Within 90 days, or 150 days if the notice is addressed to a person
> outside the Virgin Islands, after the notice of deficiency
> authorized in section 942 of this title is mailed (not counting
> Saturday, Sunday, or a legal holiday in the Virgin Islands as the
> last day), the taxpayer may file a petition with the district
> court for a redetermination of the deficiency.

33 V.I.C. § 943(a).

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 13

liability in two ways." *Id.* at 503.  The first avenue is a refund action.  In order to pursue a refund action in this Court, a taxpayer must pay the deficiency and then file a refund claim for the amount overpaid.  26 U.S.C. § 7422; 33 V.I.C. § 1692.  The second avenue is a petition for redetermination.  Upon receiving a notice of deficiency[3] from the VIBIR, the taxpayer may petition this Court for a redetermination of their assessed deficiency. 26 U.S.C. § 6213; 33 V.I.C. § 943.

McGrogan contends that "a careful examination of the notice of deficiency reveals the substance, but not the form of the notice is that it is a USVI notice of deficiency." (Pet'rs' Resp. in Opp. to the Comm'r Third Mot. to Dismiss 17.) McGrogan's position is confounding in two respects.

First, the issuer of McGrogan's notice of deficiency was the I.R.S.  In that notice, the I.R.S. asserted that McGrogan was not a bona fide resident of the Virgin Islands for the years in which

_____

[3]Under the Internal Revenue Code, when a taxpayer is deficient in the payment of federal income tax, the agency sends the taxpayer a notice of deficiency. 26 U.S.C. § 6212.  The Virgin Island Code provides that the VIBIR follow a similar procedure when that agency determines that a taxpayer has failed to satisfy his income tax obligation. 33 V.I.C. § 942; *see also WIT Equip. Co.,* 185 F. Supp.2d 500 ("When the IRS-or, in the case of the Virgin Islands, the BIR-determines that a taxpayer has not paid all of the income tax due, the agency sends the taxpayer a notice of deficiency by certified or registered mail."). After the notice has been sent, the taxpayer must file a petition for redetermination of the deficiency within ninety days, or one hundred and fifty days if the individual is outside the United States, in order for this Court to have jurisdiction over that petition. 33 V.I.C. § 943.

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 14

he claimed income as Virgin Islands sourced income that was in fact income sourced in the United States.[4]   The I.R.S.'s assessment of McGrogan's liability was as to money owed to the United States, not to the Government of the Virgin Islands.  As such, the Court does not find that the notice of deficiency could be properly construed as one from the Government of the Virgin Islands.

Second, McGrogan seeks a determination of his income tax deficiency owed to the IRS.  Even were the Court to construe the notice of deficiency as a missive from the VIBIR, it is unclear by what means a notice of deficiency from an entirely separate taxing authority -- the VIBIR -- would give rise to a claim for redetermination of a deficiency to the IRS.  As such, the Court found no basis for a proper exercise of jurisdiction over McGrogan's petition for redetermination claim against the IRS.

**B. The VIBIR's Motion**

The VIBIR contends that the Court should dismiss McGrogan's

---

[4] In a section of the notice of deficiency captioned "Alternative Positions," the I.R.S. notes that if alternatively McGrogan is found to have been a bona fide resident of the Virgin Islands, then McGrogan would still be deficient in failing to properly report and pay taxes to the Virgin Islands Bureau of Internal Revenue.  He argues that in asserting this position the I.R.S. "stepp[ed] into the shoes of the BIR" and in so doing, drafted a USVI notice of deficiency. The I.R.S. was merely stating alternative positions regarding McGrogan's tax deficiency related to indeterminancy about McGrogan's residency. McGrogan has provided no authority for reading such a statement as an attempt by the I.R.S. to assume responsibility for litigating any claims the VIBIR may have against McGrogan for Virgin Islands tax deficiencies.

refund claim because he has failed to exhaust his administrative remedies within the appropriate time. Specifically, the VIBIR points to the requirement that a claimant must duly file a claim for refund with the VIBIR prior to filing suit in this Court. *See* 26 U.S.C. § 7422(a); 33 V.I.C. § 1692. 26 U.S.C. § 6511 sets forth the limitations period for filing a refund claim:

> (a) Period of limitation on filing claim.——Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511.

McGrogan's Form 1040s for the tax years 2002, 2003, and 2004 were due not later than the 15th of April of 2003, 2004, and 2005 respectively.[5] *See* 26 U.S.C. § 6072 (providing that "returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year"); 33 V.I.C § 782. It appears that McGrogan has filed his claim for refund beyond the limitations period.

-------

[5] In a February 18, 2010 correspondence, the VIBIR acknowledged receipt of McGrogan's 1040X forms for "calendar years ending 2002, 2003, and 2004." (Ex. H, Compl.) In that letter, the VIBIR stated that it had "no record of a timely filed return." (*Id.*) McGrogan's claim is time-barred under these facts as well, because he seeks refund well beyond the two years after his taxes were paid for the 2002, 2003, and 2004 tax years.

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 16

"However, in narrowly defined circumstances, the strictures established by the statutes of repose are loosened by the Tax Code's mitigation provision." *TLI, Inc. v. United States*, 100 F.3d 424, 427 (5th Cir. 1996).  The mitigation scheme is enumerated at 26 U.S.C. §§ 1311-14. "The relief provided by the mitigation statutes is limited to defined circumstances, and does not purport to permit the correction of all errors and inequities." *Fruit of the Loom, Inc. v. Comm'r,* 72 F.3d 1338, 1341 (7th Cir. 1996)(quotations and citations omitted).

> Section 1311 permits correction of the effects of an error only if: 1) there has been a "determination", as defined in section 1313, excluding the item of income, or allowing the deduction, in one year; 2) there has occurred a circumstance of adjustment described in section 1312; and 3) one of the conditions necessary for adjustment listed in section 1311(b) has been met.

*Kappel v. Comm'r of the I.R.S.*, 615 F.2d 91, 94 (3d Cir. 1980). "While these mitigation provisions are remedial and should be given a liberal interpretation, the party invoking them has the burden of showing that mitigation is permitted." *Koss v. United States*, 69 F.3d 705, 709 (3d Cir. 2005).

A "final disposition by the Secretary of a claim for refund" constitutes a "determination" for mitigation purposes. *Id.* at 1313(a)(3).  A claim is considered "finally disposed by the

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 17

Secretary . . . as to items with respect to which the claim was disallowed, in whole or in part, or as to items applied by the Secretary in reduction of the refund or credit, on expiration of the time for instituting suit with respect thereto (unless suit is instituted before the expiration of such time)[.]" *Id.* at (a)(3)(B). In light of the VIBIR's February 18, 2011 notice that his refund claim was time-barred, McGrogan presents an appropriate "determination."

The Court next turns to whether a "circumstance of adjustment" occurred. Among the recognized "circumstances of adjustment," is the

> (1) Double inclusion of an item of gross income.--The determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer.

*Id.* at 1312(1).

McGrogan asserts that such an event has occurred here, because, if the same income is taxed by both the Virgin Islands and the United States, it would amount to a double inclusion of an item of gross income.

In *Cocchiara v. United States*, 779 F.2d 1108, 1112 (5th Cir. 1986), the Court of Appeals for the Fifth Circuit found

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 18

mitigation appropriate where the circumstances did not neatly
square with the language of section 1312(1).  There, taxpayers
had attempted to report sale of mineral leases over tax years
1959-1965 on an installment basis.  That approach was disallowed
by the IRS.  Notwithstanding that disallowance, the tax payments
were retained and used to offset other tax liabilities based on
erroneous assessments by the I.R.S.  The statute of limitations
barred the taxpayers' action for refund of the overpayment.  The
taxpayers sought relief from that bar pursuant to section
1312(1). The IRS opposed mitigation, arguing that there was no
double inclusion of an item of gross income because, "[t]he item
of gross income, that is, proceeds from the mineral lease sale,
was taxed only once-in 1959." 779 F.2d at 1112.  The Court of
Appeals for the Fifth Circuit described the IRS' argument as
follows:

> The IRS fastens on the literal wording of § 1312(1),
> that there must be a double inclusion of an item of
> *gross income* which was erroneously included in the
> *gross income* of the taxpayer for another taxable year,
> to press the dubious distinction between a double
> inclusion of gross income and a double inclusion of
> taxes paid on gross income.

*Id.*

The Court of Appeals for the Fifth Circuit reasoned that
such an interpretation amounted to "sophistry." *Id.*  The court

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 19

concluded that the taxpayers' circumstances "f[ell] within that class of cases covered by the mitigation statutes" of section 1312(1), and refused to "engage in a hypertechnical reading of the statutory language to defeat their purpose." *Id.*

Here, McGrogan asks the Court to do more than liberally construe section 1312(1), he essentially attempts to have the Court fashion its own mitigation provision from whole cloth.  He contends that given the IRS's position in its notice of deficiency that McGrogan was not a bona fide resident of the Virgin Islands for the tax years in question, he erroneously paid his taxes to the wrong taxing entity.  He asserts that he erroneously included income in his income tax return in one jurisdiction -- the Virgin Islands -- that should have been included in his return for another jurisdiction -- the United States.  Section 1312(1) addresses the erroneous inclusion of an item of gross income in an incorrect tax year or in the return of a related taxpayer, it does not address such inclusion in a return to the wrong taxing entity.  The sort of double inclusion about which McGrogan complains is of an entirely different variety than that outlined in Section 1312(1).  As such, the Court does not find application of the mitigation provisions appropriate to McGrogan's circumstances. *Cf. Anthony v. United States*, 88 A.F.T.R. 2d 2001-6134 (D. Idaho 2001)("The Plaintiff

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 20

would like to apply this provision to errors discovered after the
tax court determination and within the same tax year. . . . The
mitigation provisions were simply not designed to apply to a
situation like the Plaintiff's."); *see also Schwartz v. United
States*, 67 F.3d 838, 840 (9th Cir. 1995)(quoting *United States v.
Rushlight*, 291 F.2d 508, 514 (9th Cir. 1961))("The mitigation
provisions . . . do 'not purport to relieve against all
inequities occasioned by the statute of limitations.'").

McGrogan also argues that his refund claim is not barred
because the doctrine of equitable recoupment overrides the
operation of any limitations period.  The Supreme Court explained
the doctrine of equitable recoupment in *Bull v. United States*,
295 U.S. 247 (1935).

There, the plaintiff was the estate of a deceased partner in
a ship-broker business.  Originally, the executor of the decedent
included the partnership distributions in the estate tax return
and paid the estate tax in 1920 and 1921.  In July, 1925, the
Commissioner of the Internal Revenue sent the estate a notice of
deficiency for the estate's income tax for the 1920 tax year.
The Commissioner afforded no deduction for the amount the estate
had paid on the distributions in estate tax.  The executor
appealed the deficiency of income tax before the Board of Tax

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 21

Appeals.  The Board sustained the Commissioner's determination that the partnership distribution was taxable income.

The executor then filed a claim for refund of the amount of estate tax paid.  The Commissioner denied that claim. Thereafter, the executor filed suit in the Court of Claims.  He claimed that the amount he paid in income tax on his partnership distribution was unlawfully assessed or collected. In the alternative, he argued that, "the United States should have credited against the income tax attributable to the receipt of this sum the overpayment of estate tax resulting from including the amount in the taxable estate." 295 U.S. at 253.

The Court of Claims found that the partnership distribution was appropriately taxed as income.  It declined to address the estate's latter argument because it had not been timely brought. The estate appealed the matter to the Supreme Court.

The Supreme Court noted that "[t]he fact that the petitioner relied on the Commissioner's assessment for estate tax, and believed the inconsistent claim of deficiency of income tax was of no force, cannot avail to toll the statute of limitations, which forbade the bringing of any action in 1930 for refund of the estate tax payments made in 1921." 295 U.S. at 259.

The Court observed that because of "a palpable mistake" the

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 22

United States received "more than it was entitled to" when the estate paid estate tax on the partnership distributions. *Id.* Notwithstanding that mistake, the estate failed to bring a claim for refund or credit within the statutory time provided. The Court opined that "[i]f nothing further had occurred, congressional action would have been the sole avenue of redress." *Id.*

However, the Commissioner's notice of deficiency of income tax, endowed the estate with new opportunity for recovery on its overpayment:

> In July, 1925, the government brought a new proceeding arising out of the same transaction involved in the earlier proceeding. This time however, its claim was for income tax. The taxpayer opposed payment in full, by demanding recoupment of the amount mistakenly collected as estate tax and wrongfully retained.

> . . . .

> [T]he claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.

*Id.* at 262.

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 23

Here, McGrogan advances a similar theory for recovery.  He contends that he is being taxed on funds from the same occurrence, namely his income for tax years 2002, 2003, and 2004.  However, McGrogan's claim differs from that of the estate in *Bull* in a significant respect.  This Court lacks jurisdiction to hear McGrogan's claim against the United States for a petition for redetermination.  As such, he is presenting a claim for refund that is unaccompanied by a claim for a tax deficiency over which this Court may exercise its jurisdiction.

In *United States v. Dalm*, 494 U.S. 596 (1990), a taxpayer was appointed administratix of the estate of her deceased employer in 1975.  The taxpayer received two payments from her deceased employer's son of $180,000 and $133,813 in 1976 and 1977.  The taxpayer paid gift taxes.  Following an audit, the IRS concluded that the payments from the employer's son served as additional fees for her performance of administratix work, and should have been reported as income. It thus found her deficient in the payment of her income tax.

The taxpayer sought redetermination of the assessed deficiency in Tax Court.  Following two days of trial, the taxpayer and the IRS settled the matter.

Immediately thereafter, the taxpayer filed an administrative claim for refund of her gift tax payment as to the $180,000 she

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 24

was paid in 1976.  Six months later, notwithstanding the
administrative claim still pending with the IRS, the taxpayer
filed suit in the United States District Court for the Western
District of Michigan.  The taxpayer characterized her claim as
one for refund of an "overpaid gift tax."

The United States moved to dismiss her claim as time barred.
The taxpayer invoked the doctrine of equitable recoupment.  The
court dismissed her claim, holding that it lacked jurisdiction
over a stand-alone refund suit. The Court of Appeals for the
Sixth Circuit reversed that determination.  The issue was then
appealed to the Supreme Court.

The Supreme Court agreed with the district court, and found
the equitable recoupment doctrine unavailing for Dalm's claim.
The Court noted that unlike in *Bull*, the taxpayer did "not seek
to invoke equitable recoupment in determining her income tax
liability; she has already litigated that liability without
raising a claim of equitable recoupment and is foreclosed from
relitigating it now."  *Id.* at 606.  Instead, she pursued a
"separate action for refund of gift tax, an action for which
there is no statutory authorization by reason of the bar of the
limitations statute." *Id.*  The Court concluded by noting that in
the previous cases where it had applied equitable recoupment,
"there was no question but that the courts in which the refund

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 25

actions were brought had jurisdiction. To date, we have not allowed equitable recoupment to be the sole basis for jurisdiction." *Id.*

McGrogan urges the Court to allow this action to proceed based on the doctrine of equitable recoupment. As in *Dalm*, McGrogan fails to present a claim over which this Court would have jurisdiction. Guided by the bedrock principle that federal courts are "courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute," the Court must decline McGrogan's invitation. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Finally, McGrogan calls upon the Court to use its equitable powers to remedy the double taxation he faces. The Court is mindful of the tenet "that no court of equity" should hold fast to the "the empty shell and form of law" while one party suffers unjust enrichment at the hands of another. *Comer v. John Hancock Mut. Life Ins. Co.*, 80 F.2d 413 (8th Cir. 1935). Yet, so too is the Court mindful that "[a] court's equitable power is not an unrestricted license for the court do what it wishes with the legal fact patterns that come before it." *Mortgage Elec. Registration Sys., Inc. v. Church,* 2011 WL 1885975, at *3 (6th Cir May 18, 2011)(quotations and citations omitted). The tax system and its mirrored existence in the Virgin Islands, was a

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 26

product of Congress' deliberation.  The Court would be unwise to
employ its equitable powers to disturb the operations of that
statutory scheme in these circumstances. *See Ramming v. United
States,* 281 F.3d 158, 165 (5th Cir. 2001)(per
curiam)("Limitations periods in statutes waiving sovereign
immunity are jurisdictional, and a court exercising its equitable
authority may not expand its jurisdiction beyond the limits
established by Congress."); c*f. Lewis v. Federal Prison Indus.,
Inc.,* 953 F.2d 1277, 1285 (11th Cir. 1992)("[E]quitable powers
[of federal courts] cannot be used to expand or override the
intent of Congress to provide limited legal remedies . . . . We
should not sanction the district court's use of its equitable
powers to frustrate the intent of Congress.").[6]

---

[6] The Court further notes that an alternative avenue exists for
taxpayers to seek relief from double taxation of income in these
circumstances.  The United States and the Virgin Islands have entered into a
Tax Implementation Agreement.  Article 6 of that Agreement provides:

> When by reason of inconsistent positions taken by the Contracting
> Governments, a taxpayer is or would be subject to inconsistent tax
> treatment by the two jurisdictions, the competent authorities of
> the Contracting Governments shall endeavor to agree upon the facts
> and circumstances necessary to achieve consistent application of
> the tax laws of the respective Governments.  In particular, but
> not by way fo limitation, the competent authorities of the
> Contracting Governments may consult together to endeavor to agree:
> a) To the same allocation of income under section 482 of the
> Code;
> b) To the same determination of residency of a particular
> taxpayer; or
> c) To the same determination of the source of particular
> items of income.

(Ex. A, VIBIR's Br. in Response to the Ct's Directive Issued Mar. 23, 2011.)
The I.R.S. has issued a revenue procedure that provides procedures for

*McGrogan v. Comm'r of the I.R.S.*
Civil No. 2009-167
Memorandum Opinion
Page 27

## IV. CONCLUSION

In light of the foregoing, the Court granted the motions by the IRS and the VIBIR to dismiss this matter.

S\_____
        **CURTIS V. GÓMEZ**
        **Chief Judge**

---

taxpayers to "obtain assistance from the U.S. competent authority under the provisions of tax coordination agreements entered into between the Internal Revenue Service (IRS) and the tax agencies of American Samoa, Guam, the Commonwealth of the Northern Mariana Islands (NMI), the United States Virgin Islands (USVI), and Puerto Rico (collectively, the possessions) . . . ." Rev. Proc. 2006-23, 2006-20 I.R.B. 900.